## STATE ex YONTZ v WEST

Ohio Appeals, 2nd Dist, Franklin Co

No 2949.   Decided Feb. 27, 1939

Stanley A. Silversteen, Cincinnati, for Relator.

Herbert S. Duffy, former Atty. Gen., Columbus; Theodore B. Ochs, former Asst. Atty. Gen., Columbus, for Respondent.

## OPINION

By GEIGER, J.

This matter is before the Court upon the application of the relator herein upon a motion that the Court fix the reasonable attorney's fees to be taxed as costs herein and paid out of the fund created, to compensate the attorney, Stanley A. Silversteen, for services rendered and expenses and that such costs be taxed against the defendant and be ordered paid out of the fund created.

This matter was before the Court in the original action in State ex Yontz v West 27 Abs 579. In the original action the relator filed a petition in mandamus in which he alleged that the respondent Frank West, Registrar of Motor Vehicles, has refused to collect the license tax from owners and operators of cement mixing motor conveyances, and relator prayed that a writ of mandamus issue against the defendant requiring him to collect the license tax on such vehicles. In that action the Court held that such vehicles were motor vehicles upon which the tax should be collected.

It was agreed between the parties that the respondent had not collected the license tax and that there were approximately 400 such cement mixing vehicles taxed for the years 1937-1938 upon which a motor vehicle tax of approximately $80,000.00 was paid. After the Attorney General had made the ruling that such vehicles were not subject to the license fee the Registrar ceased to collect the same, but there had already been paid in the sum of about $23,000.00 which remained in the hands of the treasurer until it be determined whether it should be refunded to those having paid the same.

The instant question is whether this Court may order the fund either already in the hands of the treasurer or that which may in the future be collected, to be subject to the payment of costs including attorney's fees. The Attorney General takes the position that there is no power residing in this Court to grant the payment out of the fund, of attorney's fees, and asserts that the only method in which such fees may be collected is through the allowance of the claim by the Legislature. The Attorney General bases his contention upon Sec. 29 of Art. II of the Constitution:

"* * * nor, shall any money be paid on any claim, the subject matter of which shall not have been provided for by pre-existing law, unless such compensation, or claim, be allowed by two-thirds of the members elected to each branch of the General Assembly."

This at once raises the question as to whether or not the fund created as a result of the action of the Court in sustaining the relator's position falls within the constitutional inhibition. §6309, GC, provides that the registrar shall pay registration fees to the treasurer of state, the amount to be distributed to the counties and districts as provided. The treasurer shall be the custodian of the funds to be distributed to the counties and districts and shall disburse the same in the manner provided in §6309-2, GC. The last mentioned section provides for the distribution of the fund and directs how certain per cents thereof shall be paid, 23% to be paid by the registrar into the state treasury to the credit of the state maintenance and repair fund as provided in §6309, GC.

It is quite evident that under the provisions of these sections the funds collected by the registrar in the various districts do not, at least to an extent of not over 23%, go into the state treasury, and that the state treasurer is the custodian only of the fund for distribution as provided by law.

This matter has been passed upon by the Supreme Court. See State ex Braden, 125 Oh St 307, at p. 314. In Fisher Brothers v Brown, Secretary of State, 111 Oh St 602, at p. 624, the Court, speaking through Judge Allen, says in reference to the article of the Constitution referred to, that the part of the taxes appropriated to the districts of registration does not enter the state treasury as other taxes, but is placed in the custody of the state treasury to be disbursed, etc. * * * "However, since none of this 50% of the receipts from taxes enters the state treasury Art. II, Sec. 22 does not apply and is not violated."

This case is interesting and is conclusive upon the question before us in reference to the nonapplication of the section of the Constitution quoted.

The case of **Bedford v State, ex rel, 123 Oh St 413,** holds that where a taxpayer has successfully prosecuted an action to recover money, such action possesses equitable characteristics and the trial court in the exercise of equitable powers may allow a reasonable attorney fee to the attorney for the taxpayer out of the funds so created. The Court at the outset states that the taxpayers had no statutory authority to bring their action. It is conceded that in the case at bar there was no statutory authority to bring the action. Nevertheless the case cited is authority for the assertion that the court in the exercise of equitable powers may allow a reasonable attorney fee. There is in the fund at least $23,000.00, and there will be added to the fund about $80,-000.00 a year under the present statutory provision as interpreted by this Court. It is proper that the attorney acting for the citizen be compensated for his services. It is desirable that there be a public alertness as to the action of public officials which diminish the amount legally due the public treasury. If no compensation is allowed the citizen will be slow to assert a right on behalf of the public, preferring to suffer a small personal loss rather than to embark in litigation which may be costly to him.

Having determined that this Court has jurisdiction to allow an attorney fee the next question of importance is as to the proper amount of the fee. The Court is of the opinion that counsel should be adequately compensated, but at the same time is not inclined to make a successful lawsuit, brought on behalf of the public, an occasion for the allowance of an excessive fee.

We are of the opinion that $4000.00 in addition to costs actually expended, such as traveling expenses and kindred expenses, should be allowed to the attorney to be taxed as costs to be paid out of the fund either presently existing or if no such fund is at present in the hands of the treasurer, then out of funds that may hereafter be collected. Entry accordingly.

HORNBECK, PJ, & BARNES, J, concur.